IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| HAYES OUTDOOR MEDIA, LLC, ) | |
| As Assignee of DD & EM PROPERTIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01213-STA-jay |
| ) | |
| SOUTHERN TRUST ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF WILLIAM GRIFFIN**
_____

Before the Court is Defendant Southern Trust Insurance Company's Motion to Exclude Expert Opinion Testimony of William Griffin (ECF No. 41) filed September 29, 2021.  To date Plaintiff Hayes Outdoor, LLC has not responded to the Motion, and the time to do so has long since passed.  For the reasons set forth below, the Motion to Exclude is **GRANTED**.

## BACKGROUND

This is an insurance dispute between the owner of a commercial property in Jackson, Tennessee, and the commercial property and casualty carrier who insured the property.  Plaintiff is the assignee of DD&EM Properties, the previous owner of the property and the insured named in an insurance policy issued by Defendant providing coverage for the building.  *See* Pet. For Decl. J. ¶ 1, ex. A to Def.'s Notice of Removal (ECF No 1).  Plaintiff alleges that on June 17, 2019, a storm producing large hail caused damage to the building's roofing system.  *Id*. ¶ 12. DD&EM Properties filed a claim for the damage and then assigned its interest in the claim to

1

Plaintiff. *Id*. ¶¶ 13–15.  According to an estimate obtained by Plaintiff, the cost to repair the damage to the roof came to $710,104.90; however, Defendant refused to pay the claim and thereby breached the parties' contract for insurance.  *Id*. ¶¶ 18, 25.  Plaintiff filed its Petition for Declaratory Judgment Action in the Chancery Court for Madison County, Tennessee, on July 31, 2020.  Plaintiff seeks a court declaration of the parties' rights and duties under the insurance policy and an award of compensatory damages in the amount of $1 million.  On September 23, 2020, Defendant removed the case to this Court, alleging that the Court had subject-matter jurisdiction over the dispute under 28 U.S.C. § 1332 based on the parties' complete diversity of citizenship and the amount in controversy.  *See* Def.'s Notice of Removal (ECF No. 1).  A jury trial is currently scheduled for January 18, 2022.

In the Motion now before the Court, Defendant asks the Court to exclude the expert opinion testimony of William Griffin.  Griffin is a public adjuster retained by Plaintiff to provide an estimate for the cost of damages to the roof.  According to Defendant, Griffin will testify that the roof of the building sustained hail damage and then give his opinion on his cost estimate to repair the roof.  At his deposition Griffin also testified that he would need to supplement his original estimate.  The estimate was no longer valid based on increases in the cost of building materials and other omissions from the estimate.  But Griffin has not supplemented his estimate, and the deadline to do so has now passed.  Defendant argues that Plaintiff had a duty to disclose Griffin as an expert during discovery and serve Defendant with a written report on Griffin's expected testimony. Although Plaintiff's initial disclosures identified Griffin as a person with knowledge relevant to Plaintiff's claims, Plaintiff did not disclose Griffin as an opinion witness.  Defendant argues then that the Court should exclude Griffin's opinion testimony as a sanction for Plaintiff's failure to disclose it.  On October 21, 2021, Defendant supplemented the Motion to

Exclude, as well as its separately filed *Daubert* motion, with deposition transcripts. *See* Notice of Supp. Testimony (ECF No. 43).

In this case, Plaintiff, as the non-moving party, had 14 days from the service of Defendant's Motion to Exclude in which to respond. Even giving Plaintiff the benefit of the doubt and counting Plaintiff's deadline to respond from the date Defendant filed the supplement, Plaintiff failed to respond to the Motion to Exclude within the time permitted. So on November 8, 2021, the Court ordered Plaintiff to submit a response to the Motion within seven (7) days. Plaintiff responded to another *Daubert* motion but not the Motion to Exclude addressed to Griffin's testimony.

## STANDARD OF REVIEW

Federal Rule of Evidence 702 permits a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony if the following conditions are met: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert it intends to call at trial pursuant to Federal Rule of Evidence 702 as well as produce a written report prepared and signed by the opinion witness. Fed. R. Civ. P. 26(a)(2)(A). Among other things the witness's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming" the opinions. Fed. R. Civ. P. 26(a)(2)(B).

Rule 26 also governs the timing and supplementation of expert disclosures. Rule 26(a)(2)(D) requires a party to provide its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Generally speaking, a party must supplement or correct a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The duty to supplement applies to expert reports and requires the proponent of the witness's opinions to supplement "information included in the report" and "information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Rule 37(c)(1) provides for sanctions for a party's failure to disclose or supplement an expert opinion. The default position under Rule 37 is that the party cannot use the opinion testimony at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 permits a district court to consider other sanctions, either in addition to or in lieu of exclusion: ordering a party to pay the reasonable expenses incurred by the other party as a result of the failure to disclose or supplement; instructing the jury on the failure and permit it to draw an appropriate adverse inference; and imposing any other sanction authorized under certain subparagraphs of Rule 37(b). *Id.* The district court ultimately has the discretion about how to sanction a party for the failure to disclose or supplement.

## ANALYSIS

In light of Plaintiff's failure to respond and for the reasons stated in Defendant's brief, the Motion to Exclude is **GRANTED**. First, Plaintiff has failed to respond to Defendant's Motion to Exclude, even after the Court directed Plaintiff to do so. Local Rule of Court 7.2 gives a nonmoving party 14 days in which to respond to a non-dispositive motion and cautions that the

Court may deem the failure to respond as good grounds for granting the motion. Local R. 7.2(a)(2); *see also* Scheduling Order, Dec. 3, 2020 (ECF No. 19) ("The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion."). Plaintiff's failure to respond is itself sufficient grounds for granting the Motion.

Second, Defendant has shown, and Plaintiff has not contested the showing, that (1) Griffin is offering an opinion formed from specialized knowledge about the building industry, and (2) Plaintiff did not properly disclose Griffin's opinion testimony as required by Rule 26. Griffin's testimony states an opinion about the design and structure a flat roof like the one on Plaintiff's building, the types of materials used in flat roofing systems, the damage and need for roof repairs at the property, the probable cause of the damage, and the cost of the repairs. Griffin repeatedly testified at his deposition that he was asked to render an "opinion" about the condition of the roof. Griffin Dep. 31:16-18 (ECF No. 41-4) ("I'm sure there was a lot more than that, but, you know, overall he wanted me to assess it and give my opinion on [the roof damage]."); *id.* at 52:23-53:2 ("Q: All right. And as we sit here today, it's your opinion that there's been storm damage to the roof, but you don't know when that storm damage occurred? A: Right."). More to the point, Griffin offered an "opinion" about what the repairs to the roof would cost, and not in his capacity as the contractor who would make the repairs but as a public adjuster with specialized knowledge of how the insurance industry might value the repairs with itemized pricing. *Id.* at 29:14-19 ("[I]t was just an estimate that they sent me out to write, just like an insurance company would get an [insurance adjuster] to go out and write an estimate . . . . I'm just giving my opinion."); *id.* at 20:15-17 ("I'm sure he just called for me to go out and estimate

5

it and give my opinion. That's what I did."). All of this shows that Plaintiff does not intend to call Griffin simply as a fact witness about what he saw on the roof but as a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony. Fed. R. Evid. 702.

Because Griffin's testimony represents opinion evidence based on specialized knowledge, training, or experience, Plaintiff had a duty to satisfy the requirements of Rule 26. This includes the disclosure of a written report prepared and signed by Griffin, setting out "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming" the opinions. Fed. R. Civ. P. 26(a)(2)(B). Under the current case management schedule, Plaintiff had until May 21, 2021, in which to disclose expert witnesses and serve Defendant with such a report. Scheduling Order Dec. 3, 2020 (ECF No. 19). But Griffin never produced a report. And while it is true that Plaintiff disclosed Griffin's estimate (it was actually Exhibit C to the original Petition filed by Plaintiff in state court), the estimate is arguably an exhibit "used to summarize or support" the witness's opinion testimony, not a substitute or stand-in for the written report itself. Fed. R. Civ. P. 26(a)(2)(B)(iii).

Even at that, Griffin has now testified that his estimate is no longer valid due in part to changing material costs, suggesting that Plaintiff had a duty to supplement the estimate by the deadline set in the Scheduling Order, July 20, 2021. Generally speaking, "changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26](e)(1)." *Pickens v. Dowdy*, No. 17-cv-2205-TMP, 2018 WL 3717114, at *1 (W.D. Tenn. Aug. 2, 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment). Rule 26(e) requires an expert to supplement an earlier

opinion "(1) to correct an error or inaccuracy; (2) to respond to an opposing expert pointing out gaps in the supplementing expert's chain of reasoning; or (3) to reflect an expert's changed opinion." *Hoskins Oil Co., LLC v. Equilon Enters., LLC*, No. 3:16-CV-417-JRG-DCP, 2019 WL 691394, at *2 (E.D. Tenn. Feb. 19, 2019) (citing *Eiben v. Gorilla Ladder Co.*, No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013)). Under the circumstances, the Court concludes that Plaintiff did not meet the disclosure requirements of Rule 26 and Plaintiff has not come forward to demonstrate why the default sanction of exclusion is not appropriate in this instance. Because Defendant has requested the exclusion of Griffin's opinion testimony and Plaintiff has simply failed to respond to the Motion to Exclude, the Court finds that exclusion is the proper remedy in this case.

## CONCLUSION

Defendant's Motion to Exclude Griffin's opinion testimony is **GRANTED**. Griffin will not be permitted to testify about (1) his opinion that the roof was damaged by hail, (2) his opinion on the cost estimate to repair the roof, or (3) any updated or revised cost estimate which Griffin might prepare and attempt to submit into evidence at trial.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 2, 2021.