IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HAYES OUTDOOR MEDIA, LLC, <br> As Assignee of DD & EM PROPERTIES, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN TRUST <br> INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 1:20-cv-01213-STA-jay <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF STEVE PROSSER**

Before the Court is Defendant Southern Trust Insurance Company's Motion to Exclude Expert Opinion Testimony of Steve Prosser (ECF No. 42) filed September 30, 2021. Plaintiff Hayes Outdoor, LLC has responded in opposition. For the reasons set forth below, the Motion to Exclude is **GRANTED**.

**BACKGROUND**

This is an insurance dispute between the owner of a commercial property in Jackson, Tennessee, and the commercial property and casualty carrier who insured the property. Plaintiff is the assignee of DD&EM Properties, the previous owner of the property and the insured named in an insurance policy issued by Defendant providing coverage for the building. *See* Pet. For Decl. J. ¶ 1, ex. A to Def.'s Notice of Removal (ECF No 1). Plaintiff alleges that on June 17, 2019, a storm producing large hail caused damage to the building's roofing system. *Id.* ¶ 12. DD&EM Properties filed a claim for the damage and then assigned its interest in the claim to

1

Plaintiff. *Id*. ¶¶ 13–15.  According to an estimate obtained by Plaintiff, the cost to repair the damage to the roof came to $710,104.90; however, Defendant refused to pay the claim and thereby breached the parties' contract for insurance. *Id*. ¶¶ 18, 25.  Plaintiff filed its Petition for Declaratory Judgment Action in the Chancery Court for Madison County, Tennessee, on July 31, 2020.  Plaintiff seeks a court declaration of the parties' rights and duties under the insurance policy and an award of compensatory damages in the amount of $1 million.  On September 23, 2020, Defendant removed the case to this Court, alleging that the Court had subject-matter jurisdiction over the dispute under 28 U.S.C. § 1332 based on the parties' complete diversity of citizenship and the amount in controversy.  *See* Def.'s Notice of Removal (ECF No. 1).  A jury trial is currently scheduled for January 18, 2022.

In the Motion now before the Court, Defendant asks the Court to exclude the expert opinion testimony of Steve Prosser.  Plaintiff disclosed Prosser as an opinion witness who will testify that a hailstorm caused the damage to the subject property in June 2019. Defendant argues that Plaintiff has not cited any evidence to prove that a June 2019 hailstorm damaged the building's roof. Prosser simply consulted online weather history to ascertain that a hailstorm producing 1-inch hail stones was reported in Jackson, Tennessee, on June 17, 2019. But Prosser has no firsthand knowledge that hail caused impact damage to the property on that date. Prosser apparently arrived at the date based on information he received from Josh Hayes, the principal and owner of Hayes Outdoor Media. Hayes testified at his deposition that he conducted his own research and found records of a hailstorm on June 26, 2019, in the Jackson area.  Other than these two facts, Plaintiff has not come forward with any evidence to prove that a hailstorm actually caused any damage at the subject property in June 2019.  Therefore, the Court should exclude Prosser's testimony about a June 2019 hailstorm causing the damage to the roof for lack

of reliability. For similar reasons, Defendant goes on to argue that the Court should also exclude Prosser's testimony that roof damage from the June 2019 hailstorm caused water intrusion at the property or that the damage requires the replacement of the roof.

Plaintiff has responded in opposition to the Motion to Exclude. Plaintiff argues that Prosser did not simply assume the date Hayes provided was the correct date. Prosser found independent corroboration for a hailstorm in the June 2019 timeframe. Prosser also noted the extent and type of damage on the roof was consistent with larger hailstones with a jagged profile, the kind of hail produced only during summer hailstorms. Prosser opined that the damage he observed on the roof would have been the cause of water leaks below and that the water damage observed in the ceiling of the building had occurred recently based on the lack of mold or mildew found in the ceiling and wall materials. While Prosser could not rule other defects in the roof materials like blistering or "alligatoring"[1] as the cause of the water intrusion, he opined that he could not testify with "absolute certainty" unless he had observed the roof prior to the storm. Plaintiff contends that Prosser's testimony satisfies *Daubert*'s reliability standard.

## **STANDARD OF REVIEW**

Defendant argues that the opinions offered by Plaintiff's roofing expert are inadmissible under the Federal Rules of Evidence and *Daubert*. Under Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;

---

[1] Prosser explained in his deposition that "alligatoring" is "a slang term" in the roofing industry to describe the top coat, or "flood" coat, of asphalt applied to layered or "built-up" roofs on flat-roofed buildings where the top coat weathers and degrades to take the appearance of "an alligator skin." Prosser Dep. 54:7-21 (ECF No. 42-3).

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted). The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993).

The Supreme Court in *Daubert* provided the following non-exclusive list of factors for district courts to consider when evaluating the reliability of an opinion witness's testimony: (1) whether a theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether, with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operation, and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community. *Id.* at 592–94. The *Daubert* factors are not exhaustive, and not all of them apply in every case. *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012). In *Kumho Tire*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141–42 (1999).

The district court acts as the "gatekeeper" on opinion evidence, *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 142 (1997), and must exercise its gatekeeping function "with heightened care." *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quoting *Surles, ex rel. Johnson*

4

*v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007)). The Court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted). Rule 702 of the Federal Rules of Evidence does not "require anything approaching absolute certainty." *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590).

Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." *Dilts*, 500 F. App'x at 445 (quoting *Daubert,* 509 U.S. at 592) (internal quotation marks omitted). "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts on the case at hand, not that they know the answer to all the questions a case presents-even to the most fundamental questions." *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (internal citation omitted). By the same token, "the knowledge requirement of Rule 702 requires more than subjective belief or unsupported speculation." *Tamraz*, 620 F.3d at 670 (quoting *Daubert*, 509 U.S. at 590). "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Dow v. Rheem Mfg. Co.*, 527 F. App'x 434, 437 (6th Cir. 2013) (citing *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012)).

## ANALYSIS

The issue presented is whether Prosser's opinion testimony satisfies Federal Rule of Evidence 702 and *Daubert*'s reliability requirements.  First, Defendant contests Prosser's opinion about the timing or dating of the hail damage at the property.  It is undisputed that there

is no direct evidence of hailfall at the subject property in June 2019. "Direct evidence explains itself" and "does not require the factfinder to make any inferences before concluding that [an event] happened." *M.J. by and through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 452 (6th Cir. 2021) (citation omitted). In this case direct evidence would likely consist of eyewitness testimony of seeing hail at the property on one of the June 2019 storm dates. Plaintiff has historical weather data to show that hail was recorded in Jackson, Tennessee, on two different dates in June 2019. But Plaintiff has no evidence that either hailstorm produced hail at the subject property, other than vague recollections from one of the building's tenants about seeing hailstones outside the building at an undetermined point in the past. It is certainly undisputed that Prosser himself never observed hailfall at the building; he admitted as much in his deposition. The Court finds then no direct evidence to support Prosser's conclusion on the timing of the hail damage.

A lack of direct evidence, however, is not fatal to Prosser's opinion testimony. It just means that Prosser must rely on circumstantial evidence to reach his conclusions about the timing of the hail damage. Prosser inferred that a June 2019 hailstorm caused the roof damage based on the following underlying facts or observations: Prosser's opinion that the roof had sustained hail damage, his opinion that the damage observed was produced by hailstones with characteristics consistent with hail produced in summertime hailstorms; and his opinion that interior water damage had occurred recently. Prosser also had information about two possible storm systems in Jackson, Tennessee in June 2019, one on June 17 and the other on June 26. The June 26, 2019 storm date came from Hayes' own weather research from unspecified online sources. Apparently, Hayes reported his finding to Prosser who then did his own research and learned about the June 17, 2019 storm, also using online sources. In other words, Prosser had

6

evidence about two possible storm events from June 2019 and concluded the June 17 storm event, which apparently produced larger hailstones, caused the damage he observed on the roof.[2]

The fact remains that Prosser's conclusion that the June 17 hailstorm produced hail at the specific location of the property itself is in actuality only an assumption. Assumptions of this sort by opinion witnesses are permitted as long as the proponent of the opinion testimony can fill in the gaps. *Williams v. Illinois*, 567 U.S. 50, 57 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true. It is then up to the party who calls the expert to introduce other evidence establishing the facts assumed by the expert."). The problem in this case lies in the fact that Plaintiff has cited no other evidence to take care of the necessary gap-filling. Plaintiff has merely adduced evidence that hail was recorded in Jackson, Tennessee generally. Plaintiff needs to introduce some evidence to show that his property was actually in the path of one of the June 2019 hailstorms. As things stand, there is no evidence, direct or circumstantial, that there was hailfall at Plaintiff's property in June 2019, much less hail that damaged the building's roofing system. Defendant has introduced testimony from several tenants at the building, and none reported hail at the property in June 2019. While Prosser can reasonably opine that hail, even summer hail, damaged the roofing system at the property, there is no evidence to show that hail from June 2019 caused the damage.

---

[2] Neither party has described the source of the weather data cited by Hayes or Prosser. This underlying data also requires authentication of some kind in order to satisfy the Rules of Evidence and *Daubert*. *Lyngaas v. Ag*, 992 F.3d 412, 431 (6th Cir. 2021) ("And again, because of the lack of testimony describing how the [underlying data] were created or having anyone vouch for their accuracy, [the witness]'s opinions regarding the [data] were both speculative and unpersuasive."). Because the Court holds that Prosser's opinion remains speculative on the timing of the hail damage, the Court need not address the reliability of the underlying weather data Prosser consulted to arrive at the June 17, 2019 storm date.

The Court concludes then that Prosser's opinion tracing the hail damage to a specific date in June 2019 lacks a reliable foundation. His reasoning is "at most a working hypothesis, not admissible scientific knowledge." *Tamraz*, 620 F.3d at 670. This is not to fault Prosser for lacking absolute certainty in his conclusions; that is not the standard for reliability. *Tamraz*, 620 F.3d at 671–72. The Sixth Circuit has commented that admissible opinion evidence often involves "some degree of speculation." *United States v. Ramer*, 883 F.3d 659, 680 (6th Cir. 2018) (citing *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)). But Plaintiff has simply not shown that Prosser's dating of the damage to June 2019 has a "reasonable factual basis." *Id.* "Like a hunch, an untested and unvalidated hypothesis may be correct, but it cannot be *knowledge*, since it is not based on sufficient facts or data and is not the product of reliable methods." *United States v. Lang*, 717 F. App'x 523, 535 (6th Cir. 2017) (quoting *Tamraz*, 620 F.3d at 670). As a result, Prosser's opinion about a June 17, 2019 hailstorm causing the damage to the building's roof is too speculative to meet the reliability standard for opinion testimony.

This just leaves Defendant's two related arguments that Prosser's opinions on June 2019 hail damage causing water intrusion and the need for a replacement roof also lack reliability. Taking the hail damage argument first, Defendant contends that if the Court excludes Prosser's opinion that a June 2019 hail event damaged the roof, the Court should go on to exclude any testimony that the June 2019 hailstorm caused water damage to the interior of the building. The Court agrees. To the extent that Prosser's opinion on the timing of the hailstorm is linked to his opinion on the timing of the water intrusion, his opinion that the water intrusion happened as a consequence of the June 2019 hailstorm is unreliable. As the Court has already explained, Prosser's conclusion that a June 2019 hail event damaged the roof is too speculative to constitute scientific "knowledge." It necessarily follows that any opinion that water damage to the building

8

resulted from June 2019 hail damage is an unsupported assumption. In fact, the record shows that tenants of the building had experienced roof leaks and water damage to a greater or lesser extent before June 2019. Some of the testimony implied that the water leaks perhaps increased in the months after June 2019. But as Prosser conceded in his deposition, "you could not fully identify what leaks might - - or what water infiltration might have come from the June 2019 storm or [a] previous [storm]." Prosser Dep. 102:7-16. Likewise, Prosser's opinion that damage from a June 2019 hailstorm required a complete roof replacement to remediate the damage fails to satisfy *Daubert*.

## CONCLUSION

Because Prosser's opinions concerning the damages caused by a June 2019 hailstorm lack reliability, Defendant's Motion to Exclude Prosser's testimony is **GRANTED**.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date:  December 2, 2021.